UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIA FIGUEROA,

      Plaintiff,

v.                    CASE No. 8:09-CV-1948-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

_____

## O R D E R

The plaintiff in this case seeks judicial review of the denial of

her claim for supplemental security income payments.[*] Because the decision

of the Commissioner of Social Security is supported by substantial evidence

and does not contain any reversible error, the decision will be affirmed.

### I.

The plaintiff, who was forty-four years old at the time of the

administrative hearing and who has an eleventh grade education (Tr. 337,

338), has worked as a cashier, scheduler, and florist (Tr. 339). She filed a

---

[*]The parties have consented in this case to the exercise of jurisdiction by a United
States Magistrate Judge (Doc. 16).

claim for supplemental security income payments, alleging that she became disabled due to kidney failure, since she has only one kidney and has stones in that one (Tr. 109). The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of "depressive disorder, gastritis, and is status post right kidney nephrectomy (performed in 1989)" (Tr. 17). He concluded that, due to these impairments, the plaintiff had the following restrictions (Tr. 19):

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except for occasional limitations for concentrating on tasks assigned, and occasional limitations for interacting with the public and coping with work stress. However, claimant is able to perform routine, repetitive unskilled work provided that she is allowed to alternately sit or stand, at will.

The law judge found that these restrictions prevented the plaintiff from returning to past work (Tr. 23). However, based upon the testimony of a vocational expert, the law judge ruled that there are jobs that exist in significant numbers in the national economy that the plaintiff can

-2-

perform, such as merchandise marker, small products assembler, and poly-pack heat sealer (Tr. 25). The law judge therefore decided that the plaintiff was not disabled (id.). Accordingly, the Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

In order to be entitled to supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales,

402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305

U.S. 197, 229 (1938).  Under the substantial evidence test, "findings of fact

made by administrative agencies ... may be reversed ... only when the record

compels a reversal; the mere fact that the record may support a contrary

conclusion is not enough to justify a reversal of the administrative findings."

Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert.

denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the

courts, to resolve conflicts in the evidence and to assess the credibility of the

witnesses.  Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971).  Similarly, it is

the responsibility of the Commissioner to draw inferences from the evidence,

and those inferences are not to be overturned if they are supported by

substantial evidence.  Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir.

1963).

Therefore, in determining whether the Commissioner's decision

is supported by substantial evidence, the court is not to reweigh the evidence,

but is limited to determining whether the record as a whole contains sufficient

evidence to permit a reasonable mind to conclude that the claimant is not

disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff's right kidney was removed in 1989. In June 2006, the plaintiff, after experiencing left flank pain, discovered that her left kidney had developed a small kidney stone, less than 2mm in size (Tr. 311). She filed for supplemental security income payments on July 17, 2006, based primarily on kidney problems. However, the plaintiff also alleges that she suffers from depression, and the law judge found that her depression was a severe impairment (Tr. 17). The law judge found further that the plaintiff had a severe impairment of gastritis (id.).

In this case, the plaintiff raises two issues, both of which are based upon a claim of frequent urination. Thus, the plaintiff argues that the law judge's finding of the plaintiff's residual functional capacity, and his hypothetical questions to the vocational expert, should have included functional limitations due to frequent urination. In light of the scheduling Order, any other contentions concerning her physical conditions, and any

contentions concerning her mental impairment, are deemed abandoned (Doc. 15, p. 2).

The plaintiff's first issue asserts that the law judge "failed to include the non-exertional limitation of frequent urination in his RFC findings despite specifically accepting that plaintiff's condition cause[s] frequent urination" (Doc. 19, p. 5). In connection with this issue, the plaintiff refers to her frequent need to urinate as set out by plaintiff's treating physician, Dr. Mahesh Patel (id., pp. 6-7).

Dr. Patel, a specialist in urology, saw the plaintiff several times in 2006 and 2007 for a very small, non-obstructive left kidney stone and determined that no treatment was necessary (Tr. 225, 309). On November 17, 2008, one year after the plaintiff's last appointment with him, Dr. Patel completed a Treating/Examining Source Statement of Physical Capacity form, which was provided to him by the plaintiff's prior attorney (Tr. 221).

Dr. Patel stated on the form that the plaintiff suffered from urinary problems since May 1, 1999, and has to void "more than 10" times in an eight hour period (Tr. 221). However, the next question asked, "Is the claimant's need to void uncontrollable in an 8 hour workday? (Please Circle One)," with the responses being "Frequently (1/3-2/3 workday)[,]

-6-

Occasionally (up to 1/3 workday) [and] NR (No Restrictions)" (Tr. 221). Dr.

Patel circled "NR" for "No Restrictions" (id.).

The law judge discussed the form completed by Dr. Patel as

follows (Tr. 21):

> On November 17, 2008, Dr. Patel completed a
> source statement of physical capacity in which he
> stated that claimant's condition caused frequent
> urination (more than 10 times in an 8-hour period),
> but that the condition did not impose frequent or
> even occasional restrictions. In fact, Dr. Patel
> explicitly stated that the condition imposed ["]NR",
> or no restrictions (Exhibit 1F/107).
>
>                     . . .
>
> The undersigned finds the medical findings and
> opinion assessments of treating urologist Dr. Patel
> to be consistent and supported by the
> preponderance of medical evidence of record. Dr.
> Patel noted that claimant demonstrated a small,
> non-obstructive left kidney stone that caused
> frequent urination, but did not require surgical
> treatment and imposed no restrictions upon
> claimant. Dr. Patel's opinion is supported by CT
> scan, KUB scan, and cytoscopy diagnostic studies.
> Dr. Patel's opinion is therefore persuasive and
> given significant weight.

The law judge, therefore, accepted Dr. Patel's opinion that the plaintiff had

no functional limitations from her urinary frequency. Accordingly, he could

reasonably omit from his finding of the plaintiff's residual functional capacity

any limitations from that condition.

Moreover, the law judge could reasonably conclude that Dr. Patel's opinion is consistent with, and supported by, the medical evidence of record. The record contains notes of seven visits to Dr. Patel, and six of them have no mention of urinary frequency, and one merely states, "[s]he goes to the bathroom frequently. She feels like she has infection" (Tr. 225).

Other medical records deny any urinary problems. Thus, an emergency room report of July 2008 said, "[n]o bladder dysfunction" (Tr. 200); another emergency room report of March 2007 stated that "[t]here is no history of urinary symptoms" (Tr. 226); and an emergency room record of June 2006 again reported "[t]here is no history of urinary symptoms" (Tr. 314).

In addition, the law judge's conclusion that the plaintiff's urinary condition does not impose any functional limitation is supported further by testimony from a vocational expert. The law judge accepted the expert's testimony "that employers are generally tolerable of four breaks throughout the day (including two unscheduled breaks), along with a lunch break" (Tr. 25).

The plaintiff argues that "[t]he ALJ misconstrued Dr. Patel's response by interpreting it as meaning that Plaintiff's condition imposed no

restrictions, rather than correctly construing this as meaning that her condition caused her to urinate frequently, but did not result in a complete lack of bladder control" (Doc. 19, p. 6). The plaintiff does not point to any language in the form that supports this alternative construction. On the other hand, the law judge's interpretation is based upon the plain language of the form. It is certainly a reasonable one, and thus is not subject to being overturned on judicial review, since the task of interpreting the evidence is committed to the law judge, and not the court.

Arguably, there is an inconsistency between the statement that the plaintiff has to void more than ten times in an eight-hour period, and the opinion that this condition imposes no restrictions. That is not necessarily so since the question to which the response was "no restrictions" asks whether the need to void is uncontrollable (Tr. 221).

However, even if there were perceived to be an inconsistency between Dr. Patel's answers to those two questions, the resolution of such inconsistency is committed to the law judge. He resolved any inconsistency in favor of Dr. Patel's opinion of no restrictions. And, as previously explained, that conclusion is supported by the medical evidence of record. Thus, the law judge's acceptance of that opinion is not properly overturned.

With respect to any potential inconsistency, the Commissioner suggests that the law judge implicitly discounted Dr. Patel's statement that the plaintiff will need to void more than ten times in an eight-hour period. Seemingly, Dr. Patel's statement was based simply upon the plaintiff's assertions, since that would not appear to be something that medical tests would quantify. Further, the law judge found the plaintiff to be exaggerating her symptoms and explained why (Tr. 20), and that finding has not been challenged.

In all events, the law judge's conclusion that the plaintiff's urinary condition does not impose any functional limitations is clearly supported by substantial evidence. The evidence certainly does not compel the contrary conclusion. See Adefemi v. Ashcroft, supra. Accordingly, the law judge's finding of the plaintiff's residual functional capacity is not deficient because it does not contain functional limitations relating to a urinary condition.

The plaintiff also argues that the law judge should have included functional restrictions related to her need to urinate frequently in the hypothetical question posed to the vocational expert. For the same reasons the assessment of the plaintiff's residual functional capacity is not flawed

because it does not contain functional limitations due to a urinary problem, the hypothetical question is not deficient. The law judge is not required to include in the hypothetical question allegations that have been properly rejected. <u>Crawford</u> v. <u>Commissioner of Social Security</u>, 363 F.3d 1155, 1161 (11th Cir. 2004).

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby AFFIRMED. The Clerk shall enter judgment accordingly and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 26th day of October, 2010.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE